```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**DAN RYAN BUILDERS, INC.,**
a Maryland Corporation,

        **Plaintiff,**

**v.**                      //    CIVIL ACTION NO. 1:09CV161
                                            (Judge Keeley)

**CRYSTAL RIDGE DEVELOPMENT, INC.,**
a West Virginia Corporation, **LANG
BROTHERS, INC.,** a West Virginia
Corporation, and **ROBERT S. LANG,**
an individual,

        **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING THE
MOTION TO DISMISS OF THE DEFENDANTS, LANG
BROTHERS, INC. AND ROBERT S. LANG [DKT. NO. 10]**

### I. INTRODUCTION

The defendants, Lang Brothers, Inc., and Robert S. Lang ("the Langs"), have moved to dismiss the complaint of the plaintiff, Dan Ryan Builders, Inc. ("DRB"), under the abstention doctrine articulated by the Supreme Court of the United States in <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976). In their motion to dismiss, the Langs argue that the present case is duplicative of a parallel action filed in the Circuit Court of Harrison County, West Virginia.

The motion is fully briefed and ripe for review. For the reasons that follow, the Court **DENIES** the motion to dismiss[1] and

---

[1] Although the Langs purport to file their motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), they do not

**DAN RYAN BUILDERS, INC. v. CRYSTAL RIDGE DEV., ET AL.  1:09CV161**

**MEMORANDUM OPINION AND ORDER DENYING THE MOTION TO DISMISS
OF THE DEFENDANTS, LANG BROTHERS, INC. AND ROBERT S. LANG**

declines to abstain from exercising its jurisdiction to hear this lawsuit.

## II.  PROCEDURAL AND FACTUAL BACKGROUND

**A.  The Federal Action**

On December 7, 2009, DRB filed a four-count complaint against the Langs and co-defendant, Crystal Ridge Development, Inc. The allegations in the complaint arise from the parties' business dealings concerning the development of the Crystal Ridge subdivision in Harrison County, West Virginia ("Crystal Ridge"). The complaint alleges several causes of action, which include 1) the Langs' negligent failure to exercise reasonable care when performing under a Lot Purchase Agreement ("LPA") and a Trade Contract ("Trade Contract"); 2) breach of the Langs' obligations under the LPA and the Trade Contract; 3) fraudulent misrepresentation by the Langs of the suitability of the land for construction of homes at Crystal Ridge; and 4) indemnification or contribution owed by the Langs to DRB for litigation expenses or damages for which DRB may ultimately become liable as a result of

---

assert that the Court lacks jurisdiction or that the plaintiff has failed to state a claim.  Instead, they argue that the Court should exercise its discretion and dismiss the present lawsuit as a matter of "wise judicial administration."  Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952).

2

**DAN RYAN BUILDERS, INC. v. CRYSTAL RIDGE DEV., ET AL.  1:09CV161**

**MEMORANDUM OPINION AND ORDER DENYING THE MOTION TO DISMISS
OF THE DEFENDANTS, LANG BROTHERS, INC. AND ROBERT S. LANG**

a putative class action pending in the Circuit Court of Harrison County, West Virginia.

On June 4, 2010, DRB filed an amended complaint (dkt. no. 35) that is nearly identical to the complaint filed on December 7, 2009. Importantly, however, the amended complaint omits claims for indemnification or contribution DRB alleged in its original complaint.

The background to the federal action began when Lang Brothers and DRB executed the LPA in 2005. That permitted DRB to purchase lots at the Crystal Ridge site owned by the Langs. As part of the LPA, Lang Brothers took on "Development Obligations" requiring it to obtain development permits, record property documents, procure easements, and develop the subdivision's infrastructure. Developing the subdivision's infrastructure required that the Langs clear and grade lots, common areas and right of ways, construct storm water and sewer management systems, pave roadways, and install roadway gutters and utilities. The parties later modified the LPA's "Development Obligations" on May 7, 2007.

Pursuant to the Trade Agreement executed in June, 2006, DRB hired Lang Brothers as a construction subcontractor at Crystal Ridge. As a construction subcontractor, Lang Brothers was required to grade and excavate lots and perform foundation, concrete and

**DAN RYAN BUILDERS, INC. v. CRYSTAL RIDGE DEV., ET AL.   1:09CV161**

**MEMORANDUM OPINION AND ORDER DENYING THE MOTION TO DISMISS
OF THE DEFENDANTS, LANG BROTHERS, INC. AND ROBERT S. LANG**

waterproofing work. Construction at Crystal Ridge began following the execution of the Trade Agreement.

DRB alleges that, although the Langs represented themselves to be sophisticated contractors in the areas of construction and subdivision site development, in actuality they lacked these qualifications. DRB also alleges that, after the Langs executed the Trade Agreement and modified the LPA, they failed to exercise reasonable care in fulfilling their "Development Obligations." Specifically, DRB alleges that the Langs a) improperly placed fill and compaction of fill material under the subdivision lots; b) improperly installed roadway curbs and gutters; c) deviated from the original construction plans in performing excavation and related construction work; d) improperly installed storm water and sewer systems; e) failed to inform DRB of clouds on lot titles; and f) improperly installed utilities. DRB further contends that widespread subsidence has occurred at Crystal Ridge as a result of the Langs' negligence, which has caused DRB to incur numerous expenses in its effort to repair the resulting problems.

**B.    The Harrison County Action**

On October 9, 2009, several purchasers of lots and homes at Crystal Ridge, acting individually and on behalf of similarly

**DAN RYAN BUILDERS, INC. v. CRYSTAL RIDGE DEV., ET AL.   1:09CV161**

**MEMORANDUM OPINION AND ORDER DENYING THE MOTION TO DISMISS
OF THE DEFENDANTS, LANG BROTHERS, INC. AND ROBERT S. LANG**

situated persons (collectively, "the Harrison County plaintiffs"), filed a ten-count putative class action complaint in the Circuit Court of Harrison County, West Virginia. They named Dan Ryan Builders, Inc., Dan Ryan Builders Realty, Inc., DRB Enterprises, Inc., Monocay Home Mortgage, LLC ("the Dan Ryan defendants"), Christopher Rusch, Crystal Rankin, and John Doe as defendants. Significantly, the Harrison County plaintiffs did not sue the Langs. All the allegations in their complaint arise from dissatisfaction with the homes and lots purchased from the Dan Ryan defendants that were affected by the widespread subsidence at Crystal Ridge.

The complaint includes allegations of 1) improper planning and design resulting in subsidence at Crystal Ridge; 2) strict liability for the subsidence; 3) negligence for failing to reasonably plan, develop and construct Crystal Ridge; 4) trespass from soil excavation on privately owned lots; 5) the creation of public and private nuisances from property destruction; 6) breach of warranties of merchantable quality implied in the construction and sale of homes and lots; 7) fraudulent misrepresentation in advertising and marketing lots and homes; 8) the tort of outrage; 9) vicarious liability for the acts of employees; and 10) a declaration that arbitration clauses included in Purchase

5

**DAN RYAN BUILDERS, INC. v. CRYSTAL RIDGE DEV., ET AL.   1:09CV161**

**MEMORANDUM OPINION AND ORDER DENYING THE MOTION TO DISMISS
OF THE DEFENDANTS, LANG BROTHERS, INC. AND ROBERT S. LANG**

Agreements signed by the plaintiffs are invalid. Based on these claims, the Harrison County plaintiffs seek compensatory damages to repair and restore their homes and return Crystal Ridge to its intended appearance and prior condition. They also seek general damages for annoyance and inconvenience, as well as punitive damages, costs and attorneys' fees, prejudgment and postjudgment interest, and "[s]uch other relief, both special and general as may become apparent as this matter progresses."

### III.   DISCUSSION

The Langs argue that, under Colorado River, this Court should abstain from hearing DRB's case because the Harrison County action is parallel to DRB's federal lawsuit. DRB strongly contends that the Harrison County action is not parallel to its federal lawsuit. Further, it asserts that, even if the Harrison County action is a parallel lawsuit, the factors the Court may consider when determining whether to exercise jurisdiction weigh in favor of the continued exercise of its jurisdiction.

**A.   Colorado River Abstention**

As a general matter, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." McClellan v. Carland, 217 U.S.

**DAN RYAN BUILDERS, INC. v. CRYSTAL RIDGE DEV., ET AL.   1:09CV161**

**MEMORANDUM OPINION AND ORDER DENYING THE MOTION TO DISMISS
OF THE DEFENDANTS, LANG BROTHERS, INC. AND ROBERT S. LANG**

268, 282 (1910). Although Colorado River recognized that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," it held that courts could abstain from exercising jurisdiction when doing so would promote "principles [of] '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" 424 U.S. at 817-18 (quoting Kerotest Mfg. Co v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952)); see also Gordon v. Luksch, 887 F.2d 496, 497 (4th Cir. 1989). Under this doctrine, commonly referred to as the Colorado River abstention doctrine, a district court thus may decline to exercise jurisdiction over a concurrent state action in extraordinary circumstances. 424 U.S. at 818. Nevertheless, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." Id. at 813.

Colorado River abstention will only apply when "the federal case [] duplicate[s] pending state proceedings." McLaughlin v. United Virginia Bank, 955 F.2d 930, 931 (4th Cir. 1992). In other words, "[b]efore determining that abstention is warranted, . . . the district court must first determine whether the state and federal proceedings are parallel." Westwood v. Fronk, 177 F. Supp.2d 536, 543 (N.D.W. Va. 2001). Only upon a determination that

**DAN RYAN BUILDERS, INC. v. CRYSTAL RIDGE DEV., ET AL.   1:09CV161**

**MEMORANDUM OPINION AND ORDER DENYING THE MOTION TO DISMISS
OF THE DEFENDANTS, LANG BROTHERS, INC. AND ROBERT S. LANG**

such proceedings are parallel may the Court consider whether to exercise jurisdiction.

In the Fourth Circuit, six factors guide this determination. These factors, which are discretionary, include:

> (1) whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

Chase Brexton Health Services, Inc. v. Maryland, 411 F.3d 457, 463-64 (4th Cir. 2005).

"[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 16 (1983). On appeal, a district court's decision regarding abstention will be reviewed for abuse of discretion. Chase Brexton, 411 F.3d at 463-64 (citing Al-Abood v. El-Shamari, 217 F.3d 225, 232 (4th Cir. 2000)).

8

**DAN RYAN BUILDERS, INC. v. CRYSTAL RIDGE DEV., ET AL.    1:09CV161**

**MEMORANDUM OPINION AND ORDER DENYING THE MOTION TO DISMISS
OF THE DEFENDANTS, LANG BROTHERS, INC. AND ROBERT S. LANG**

### 1. The Harrison County Action is Not Parallel

DRB argues that the case at bar is not parallel to the state court action. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." New Beckley Mining Corp. v. Int'l Union, UMWA, 946 F.2d 1072, 1073 (4th Cir. 1991). Actions involving virtually identical parties and some factual overlap, but raising different issues and remedies, are not parallel. Id. at 1075.

In light of these standards, the federal and Harrison County actions are not parallel. As a threshold matter, the parties in each case are not substantially the same. The Harrison County plaintiffs are not parties in the case at bar, and the Langs are not defendants in the Harrison County action. Only Dan Ryan Builders, Inc. is a party in both actions.

Moreover, the claims in each case arise from distinctly different legal relationships; thus, the resolution of the claims in each will not improperly disturb the potential for liability in the other. In the Harrison County case, for example, the claims of the plaintiffs arise out of their purchase of homes and lots from the Dan Ryan defendants. Their complaint alleges that the Dan Ryan defendants breached their obligations as sellers by causing

9

**DAN RYAN BUILDERS, INC. v. CRYSTAL RIDGE DEV., ET AL.  1:09CV161**

**MEMORANDUM OPINION AND ORDER DENYING THE MOTION TO DISMISS
OF THE DEFENDANTS, LANG BROTHERS, INC. AND ROBERT S. LANG**

subsidence and misrepresenting the extent of the subsidence when they advertised and marketed homes and lots at Crystal Ridge.

In contrast, DRB's claims in the federal case arise out of its business relationship and contractual agreements with the Langs. The Harrison County plaintiffs have no such relationship with the Langs, nor do the Langs have a buyer-seller relationship with the Harrison County plaintiffs. DRB's complaint alleges that the Langs breached certain contractual obligations that resulted in the subsidence and property destruction at Crystal Ridge. When each complaint is compared to the other, it is clear that, while both contain common allegations of subsidence, the Harrison County plaintiffs hold the Dan Ryan defendants responsible for the subsidence, while DRB blames the Langs for the problem. Thus, although the gravamen of each complaint is the subsidence and resulting property damage at Crystal Ridge, the state action focuses on the Dan Ryan defendants' ultimate responsible to the Harrison County plaintiffs, while the federal action focuses on the Langs' responsibility to DRB.

Furthermore, although these cases involve subsidence-related issues, several claims in each are irrelevant to the other. For example, claims of fraudulent misrepresentation in advertising, outrage, vicarious liability, and the request for declaratory

**DAN RYAN BUILDERS, INC. v. CRYSTAL RIDGE DEV., ET AL.  1:09CV161**

**MEMORANDUM OPINION AND ORDER DENYING THE MOTION TO DISMISS
OF THE DEFENDANTS, LANG BROTHERS, INC. AND ROBERT S. LANG**

judgment in the Harrison County action are irrelevant to the contract claims pled in the federal action. Moreover, DRB's claim of fraudulent misrepresentation involves whether the Langs fraudulently misrepresented certain matters to DRB, not to the Harrison County plaintiffs.

Finally, the LPA contains a provision under which DRB and the Langs "each agree to irrevocably and unconditionally waive their respective rights to have any dispute arising under this Contract or with respect to the Lots determined by a jury trial." LPA at 12 (dkt. no. 3-1, 13). On May 6, 2010, DRB filed a notice stating that it would stand "on its right to have this matter heard by the Court, sitting without a jury, as agreed to in the Lot Purchase Agreement among the parties dated the 30th day of June, 2005." (dkt. no. 32). The Langs have never objected to this assertion. The presence of this jury waiver provision in the LPA therefore weighs in favor of the conclusion that the Harrison County and federal actions are not parallel, given that the Harrison County plaintiffs are not bound by the jury waiver provision in the LPA. Furthermore, as already noted, the parties to the Harrison County action may be bound to arbitrate that dispute,[2] while the Langs are

---

[2] To date, the Circuit Court of Harrison County has not ruled on the Harrison County defendants' motion to compel arbitration.

**DAN RYAN BUILDERS, INC. v. CRYSTAL RIDGE DEV., ET AL.   1:09CV161**

**MEMORANDUM OPINION AND ORDER DENYING THE MOTION TO DISMISS
OF THE DEFENDANTS, LANG BROTHERS, INC. AND ROBERT S. LANG**

not so bound.  These distinct aspects of each case support the conclusion that they are not parallel.

In sum, although both the federal and state actions allege subsidence at Crystal Ridge, each involves different parties and legally distinct theories of relief.  The federal action therefore does not "duplicate" the state proceeding and abstention is not proper.  <u>McLaughlin</u>, 955 F.2d at 931.

**2.   Six-Factor Analysis Under <u>Chase Brexton</u>.**

Even if the state and federal proceedings were parallel, as the following discussion explains, the <u>Chase Brexton</u> factors strongly favor this Court's continuing exercise of its jurisdiction.  <u>See</u> 411 F.3d 457 (listing the six factors).

**(a) Whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others**.

Although the disputes in both cases involve Crystal Ridge, the ownership rights of the development lots are not in question. Rather, the plaintiffs in each case focus on the respective defendants' wrongful acts when constructing and developing Crystal Ridge.  This factor, therefore, neither favors nor disfavors the Court's exercise of jurisdiction.

12

**DAN RYAN BUILDERS, INC. v. CRYSTAL RIDGE DEV., ET AL.   1:09CV161**

**MEMORANDUM OPINION AND ORDER DENYING THE MOTION TO DISMISS OF THE DEFENDANTS, LANG BROTHERS, INC. AND ROBERT S. LANG**

**(b) Whether the federal forum is an inconvenient one.**

The Langs do not credibly argue that this Court would be an inconvenient forum. Rather, they raise the specter of a transfer to another point of holding court and contend that such transfer would be inconvenient given that nearly all of the events in the present case took place in Harrison County. Because such transfer is only a remote possibility, this factor weighs in favor of the Court's continued exercise of jurisdiction.

**(c) The desirability of avoiding piecemeal litigation.**

Although both cases include some factual overlap, the parties and claims in each arise from distinctly different relationships (i.e. buyers versus sellers and contractor versus subcontractors). Given that different claims exist in each proceeding, there is very little possibility that allowing both cases to proceed will result in piecemeal litigation as each will require the resolution of distinct legal issues between different parties. This factor thus weighs in favor of the Court's continued exercise of jurisdiction.

**(d) The relevant order in which the courts obtained jurisdiction and the progress achieved in each action.**

The Harrison County action was filed on February 9, 2009, while DRB filed its federal complaint on December 8, 2009. DRB argues that, despite the earlier filing of the Harrison County

13

**DAN RYAN BUILDERS, INC. v. CRYSTAL RIDGE DEV., ET AL.   1:09CV161**

**MEMORANDUM OPINION AND ORDER DENYING THE MOTION TO DISMISS
OF THE DEFENDANTS, LANG BROTHERS, INC. AND ROBERT S. LANG**

action, this factor neither favors nor disfavors the Court's continuing exercise of jurisdiction because both cases remain in the early stages of development. The public records of the Circuit Court confirm this fact: the state case is scheduled to go to trial on March 5, 2012, and the Circuit Court has not yet ruled on the defendants' motion to compel arbitration. This factor therefore weighs neutrally.

**(e) Whether state law or federal law provides the rule of decision on the merits.**

It is undisputed that the claims in both actions are based on state law. DRB nevertheless contends that the legal questions raised in the present lawsuit are not novel and this factor therefore should weigh neutrally as well. Despite DRB's best efforts to argue otherwise, however, this factor actually weighs slightly in favor of abstention.

**(f) The adequacy of the state proceeding to protect the parties' rights.**

Although the Langs are not parties to the Harrison County action, they nevertheless argue that DRB is able to protect the rights it has asserted against them in the case at bar by filing a third-party complaint in the Harrison County action. Although DRB clearly could have asserted its claims against the Langs in state

**DAN RYAN BUILDERS, INC. v. CRYSTAL RIDGE DEV., ET AL.   1:09CV161**

**MEMORANDUM OPINION AND ORDER DENYING THE MOTION TO DISMISS
OF THE DEFENDANTS, LANG BROTHERS, INC. AND ROBERT S. LANG**

court via a third-party complaint pursuant to W. Va. R. Civ. P. 14(a), it did not do so and there is no assurance it would be permitted to do so now.  While there is no reason to doubt the Circuit Court's competence to adjudicate the disputed matters of state law in the present case, the fact that the Langs are not parties to the Harrison County action weighs in favor of the Court's continued exercise of its jurisdiction.

Overall, three factors favor the Court retaining jurisdiction, one favors abstention, and two weigh neutrally.  The one factor favoring abstention, that state law provides the rules of decision on the merits, does not compel the Court to abstain from exercising its jurisdiction.  Moreover, given that "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction," even if the Harrison County action were parallel to the present lawsuit, the factors under Chase Brexton favor the Court's continued exercise of jurisdiction. Mercury Const. Corp., 460 U.S. at 16.

**DAN RYAN BUILDERS, INC. v. CRYSTAL RIDGE DEV., ET AL.   1:09CV161**

**MEMORANDUM OPINION AND ORDER DENYING THE MOTION TO DISMISS
OF THE DEFENDANTS, LANG BROTHERS, INC. AND ROBERT S. LANG**

**B.   Staying the Case**

In their reply brief, the Langs contend that, even if the Court declines to dismiss the present case under <u>Colorado River</u>, it should stay it because the Harrison County action could "determine whether resolution of some of the State Action could resolve the issues within this instant case." Def.'s Reply to Pl.'s M.T.D. at 6 (dkt. no. 25) ("Plaintiff DRB cannot litigate Count IV of its Complaint without first litigating the underlying State Court action."). However, because DRB's amended complaint no longer contains an indemnification count, this issue is moot. Moreover, DRB's claims in Counts One through Three of its Complaint neither depend on nor relate to the outcome of the Harrison County action. There being no basis to do so, the Court therefore **DENIES** the defendants' alternatively pleaded motion to stay the case.

## IV.   CONCLUSION

As explained above, the Court **DENIES** the Langs' motion to dismiss (dkt. no. 10).

It is so **ORDERED**.

**DAN RYAN BUILDERS, INC. v. CRYSTAL RIDGE DEV., ET AL.  1:09CV161**

**MEMORANDUM OPINION AND ORDER DENYING THE MOTION TO DISMISS
OF THE DEFENDANTS, LANG BROTHERS, INC. AND ROBERT S. LANG**

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: August 31, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE