```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**DAN RYAN BUILDERS, INC.,**
**a Maryland Corporation,**

        **Plaintiff,**

**v.**　　　　　　　　　**// CIVIL ACTION NO. 1:09CV161**
　　　　　　　　　　　　　　**(Judge Keeley)**

**CRYSTAL RIDGE DEVELOPMENT,**
**INC., ET AL.,**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING MOTION**
**FOR WRIT OF EXECUTION [Dkt. No. 272]**

Pending before the Court is the motion for writ of execution filed by the plaintiff, Dan Ryan Builder's, Inc. ("DRB"). (Dkt. No. 272). For the reasons that follow, the Court **DENIES** DRB's motion.

**PROCEDURAL HISTORY**

This case arises from the parties' business dealings concerning the development of a housing subdivision known as Crystal Ridge, located in Bridgeport, Harrison County, West Virginia ("Crystal Ridge"). DRB asserted two causes of action against the defendants, Crystal Ridge Development, Inc., Lang Brothers Inc., and Robert S. Lang (collectively "LBI"): breach of contract and negligence. LBI, in turn, alleged a single cause of action for contribution against the third-party defendant, Hornor Brothers Engineers ("HBE").

The facts giving rise to this action arose in June of 2004, when LBI and DRB entered into a written Lot Purchase Agreement

**DAN RYAN BUILDERS v. CRYSTAL RIDGE DEV., ET. AL.    1:09CV161**

**ORDER DENYING MOTION FOR WRIT OF EXECUTION**

("LPA"), which permitted DRB to purchase as many as 143 lots at the Crystal Ridge site.  As part of the LPA, LBI took on "Development Obligations" requiring it to obtain development permits, record property documents, procure easements, and develop the subdivision's infrastructure. The development of the subdivision's infrastructure required LBI to clear and grade lots, common areas and rights of way, construct storm water and sewer management systems, pave roadways, and install roadway gutters and utilities. The parties later modified the LPA's "Development Obligations" on May 7, 2007.

In June 2006, LBI and DRB entered into another contract, the so-called "Trade Contract", under which DRB could issue purchase orders pertaining to new homes on specific lots.  The Trade Contract required LBI to perform certain grading work on the lots, including excavation for foundations, as well as foundation damproofing and backfilling.  Construction at Crystal Ridge began following the execution of the Trade Contract.

DRB alleged that, although LBI represented itself to be sophisticated in the areas of construction and subdivision site development, in actuality it lacked these qualifications. DRB also alleged that, after LBI executed the Trade Agreement and modified the LPA, it failed to exercise reasonable care in fulfilling its

2

**DAN RYAN BUILDERS v. CRYSTAL RIDGE DEV., ET. AL.        1:09CV161**

**ORDER DENYING MOTION FOR WRIT OF EXECUTION**

"Development Obligations." Specifically, DRB argued that LBI a) breached Paragraph 10 of the First Amendment to the LPA when it neither completed the repairs identified nor the final wearing course of Asphalt on Emerald Drive, the main entry road for Crystal Ridge; b) breached the warranty of good and marketable fee simple title when it placed the entrance to Crystal Ridge on property owned by Middletown Home Sales, Inc.; c) improperly installed stormwater management and erosion control systems; and d) failed to install steel casings. DRB further contended that widespread subsidence occurred at Crystal Ridge as a result of LBI's negligence, causing DRB to incur numerous expenses in its effort to repair and remidiate the resulting problems.[1]

Following a five day bench trial concluding on August 24, 2012, the Court issued a written opinion in this case on September 24, 2013. (Dkt. No. 265), finding LBI liable for breaching paragraph 10 of the First Amendment to the LPA and ordering it to pay DRB $253,221.75 for the breach. Further, under the gist of the action doctrine, the Court held that DRB was legally foreclosed from pursuing a negligence claim for slope subsidence. Finally, the Court found that LBI's contribution claim against HBE had

---

[1] A detailed recitation of the facts can be found at Dan Ryan Builders, Inc. v. Crystal Ridge Development, Inc., 2013 WL 5352844 (N.D.W.Va. 2013).

failed as a matter of law, as DRB failed to prove any damages sounding in negligence. Id.

On September 24, 2013, DRB filed a notice of appeal from the entire judgment with the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). Later, on November 7, 2013, DRB filed its motion for writ of execution on the portion of the judgment awarding $253,221,25 for LBI's breach of contract.

## **LEGAL ANALYSIS**

DRB's ability to execute on the judgment was suspended by its appeal with the Fourth Circuit. Bronson v. La Crosse & Milwaukee Railroad Co., 68 U.S. 405, 409-10 (1863). Nevertheless, DRB relies on the doctrines set forth in Embry v. Palmer, 107 U.S. 3, 2 S.Ct. 25, 27 L. Ed. 346 (1882), to distinguish the holding in Bronson and to establish that the Court has jurisdiction to issue a writ of execution on the award for LBI's contractual breach. Bronson and Embry deal with separate and discrete factual circumstances, however, and in this Court's view, Bronson is determinative of the outcome here.

In Bronson, the Supreme Court of the United States held that granting an execution of judgment is improper whenever an appeal from the entire judgment is pending. 68 U.S. at 409-10. Similarly, in Tennessee Valley Authority v. Atlas Machine, et al., 803 F.2d

4

794, 797 (1986), the Fourth Circuit, relying on Bronson, held that "[w]here the prevailing party in the lower court appeals from that court's judgment, the appeal suspends the execution of the decree."

In contrast, in Embry, the Supreme Court faced the question of whether the appellant was estopped from prosecuting his appeal because he had already accepted the monetary relief awarded to him by the lower court. 107 U.S. at 8. The Court held that "no waiver or release of errors, operating as a bar to the further prosecution of an appeal or writ of error, can be implied, except from conduct which is inconsistent with the claim of a right to reverse the judgment or decree, which it is sought to bring into review." Id. The Court went on to note that, since "[t]he amount awarded, paid, and accepted constitutes no part of what is in controversy," the appellant was not estopped from prosecuting the appeal. Id.

Clearly, Bronson and Embry addressed two separate and distinct factual scenarios. Embry dealt with a party's ability to prosecute an appeal after accepting a monetary judgment awarded by a lower court, while Bronson addressed whether a party who appeals a judgment in its entirety can proceed with the execution of part of that judgment while an appeal is pending. As Bronson, and the Fourth Circuit in Tennesee Valley make clear, DRB cannot execute on part of its judgment in this case. Its appeal from the entire

5

**DAN RYAN BUILDERS v. CRYSTAL RIDGE DEV., ET. AL.       1:09CV161**

**ORDER DENYING MOTION FOR WRIT OF EXECUTION**

judgment of the Court suspends its ability to execute on any part of that judgment.

## Conclusion

For the reasons discussed, the Court **DENIES** DRB's motion for writ of execution. (Dkt. No. 272).

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: January 21, 2014

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE